Hahn v. State.

## RUDA HAHN V. STATE OF NEBRASKA.

FILED SEPTEMBER 19, 1900. No. 11,195.

1. Information in Burglary: OWNERSHIP OF PREMISES. In an information for burglary, it is proper to allege ownership in the person having the visible occupancy and control of the premises burglarized.

2. ———: ———. Where a building in possession of and occupied by a person having the general charge and control thereof has some of the rooms therein let to lodgers, and for other purposes, the whole of the building is considered in law as the dwelling-house of such person, in whom ownership should be alleged in an information for burglary.

3. ———: ———: BASEMENT: HALLWAY: LODGERS. Where a building thus occupied has a basement, some of the rooms of which are let to lodgers, and for other purposes, and a hallway leading to the different rooms is in possession of and used by the person in charge of the building, in common with those occupying the rented rooms in such basement, and a burglary is committed by breaking in at the door of such hallway, held, that ownership was properly charged as being in the person in possession, and having charge and control of the premises.

4. Breaking and Entering: HALLWAY OF BASEMENT: INTERNAL CONNECTION WITH BUILDING: OWNERSHIP. Breaking into a basement hallway, held to be a burglary of the dwelling-house of the person residing in the building, and having the general charge and control thereof, although such basement is not connected internally with other portions of the building.

5. Evidence: VERDICT: JUDGMENT. Evidence examined, and found to support the verdict and judgment.

ERROR to the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*James E. Philpott,* for plaintiff in error.

*T. C. Munger, Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy,* and *Paul Pizey,* for the state.

HOLCOMB, J.

The defendant, plaintiff in error, was informed against for burglary of a dwelling-house, the ownership of which was alleged to be in one Melvern Richardson. A trial resulted in a verdict of guilty and sentence of imprisonment in the penitentiary. It is claimed by his counsel that the evidence fails to support the verdict and judgment, in that the ownership of the property was not proven as alleged. This contention arises from, and is based upon, the character of the possession and occupancy, by the said Richardson, of the building alleged to have been broken into.

Briefly speaking, the evidence discloses that the building was a three-story brick with stone basement, occupied by, and in possession of, said Richardson, who had charge of it on behalf of non-resident owners. Parts of the building were let to others for different uses. The party in possession for the owners had living apartments in the first story. There was an internal communication by means of a stairway between the first story and basement, which, at the time of the offense, was closed by locking the door of the room in the first story into which the stairway led, and which was used as a teaching room. The entrance into the basement being used at the time was from the exterior of the building by means of a door and hallway directly under the steps which led into the first story. There were several rooms in the basement on both sides of the hallway. Three of the rooms on one side were occupied by a family as living rooms. On the

other side of the hall were two rooms used as a kitchen and dining room, where a number boarded, and which were rented and managed by a person living in another building across the street. Some two or more rooms in the basement were unoccupied, except as to the possession and occupancy thereof by the person having general charge and control of the entire building. The hallway was used in common by the said Richardson and those having rented the rooms as before mentioned. The burglary was committed by breaking into this hallway.

The vital question is, therefore, whether, under the facts thus proven, the ownership of the property was properly laid in the said Richardson. It is insisted by counsel for defendant that, because the basement rooms were not connected internally with the rooms on the first floor, and that a part of them were let to others for the purposes mentioned, the ownership of the building burglarized should be alleged to be in one or the other of the two parties occupying the basement rooms as herein mentioned.

Without determining the legal effect of closing and keeping locked the door which connected, by an inside stairway, the rooms in the basement with those on the first floor, we think it appears from the evidence that the person living in, and having general charge and control of, the building was the owner thereof in contemplation of law, when applied to the crime of burglary, as in the case at bar. She was in the undisputed and rightful possession of the building. She had the charge and control of the entire building, except only the rooms let to others. Such rooms did not constitute separate and distinct apartments. The basement hall, leading to the different rooms therein, was used in common by the owner and those occupying the rented rooms. The owner's possession of the hall and rooms not rented in the basement was as complete as if no rooms therein were rented. The building may, we think, fairly be said to be her dwelling-house. Says Judge MAXWELL, in his excellent work on

Criminal Procedure, "The actual occupant, lawfully in possession of the building, and having the exclusive use and control of the premises, no doubt is the proper party in whom to allege ownership"; citing 2 Bishop, Criminal Procedure, sec. 137. Says the same author also, in this connection, "The object is to describe the place where the offense was committed, not to determine the ownership of the property. Ownership as against the burglar means any possession which is rightful." Maxwell, Criminal Procedure, pp. 104, 105.

In *Winslow v. State*, 26 Nebr., 308, it is held in the first paragraph of the syllabus that "the name of the owner of the building broken into should be given, and for this purpose the person in the visible occupancy and control of the premises at the time of the burglary may be set out as the owner, whether he be the owner of the title or a tenant."

Where a dwelling-house occupied by the owner has some of the rooms therein let to lodgers, the whole is considered in law as his dwelling-house, and ownership in an information for burglary should be laid in the owner of the premises. 2 Bishop's New Criminal Law, sec. 106; Bishop, Statutory Crime, sec. 287, and cases there cited.

As to the suggestion that breaking into the hallway in the basement of the building was not a burglary of the dwelling-house of the occupant in possession, because the means of communication then existing between it and other parts of the house were only through an outer door, we think this fact does not deprive the entire building of the character of the dwelling-house of the occupant. It was a part of one building under the same roof, and the mere fact of the outer entrance would not change its character. While, as said in the case of *Rex v. Sefton*, Russ. & Ry. [Eng.], 203, it may be "thought a case of much nicety," we regard the authorities as uniform in holding that the person inhabiting and in possession, either exclusively or in common with others, and having

the general charge and control of such building, will be deemed the owner thereof within the meaning of the criminal law relating to burglary. *Quinn v. People*, 71 N. Y., 561; *People v. Snyder*, 2 Parker's Cr. Rep. [N. Y.], 23; 2 East P. C., 506, 780; 2 Russell, Crimes [9th ed.], 16.

The judgment of the trial court is supported by the evidence and is

AFFIRMED.