[Crim. No. 548. Third Appellate District.—March 28, 1921.]

## THE PEOPLE, Respondent, v. JOHN COFFEE et al., Appellants.

[1] CRIMINAL LAW — BURGLARY — ENTRY OF CHICKEN-HOUSE — SUFFI-CIENCY OF INFORMATION.—An information charging that the defendants, on or about a given date, "willfully, unlawfully, feloniously and burglariously" entered a certain "chicken-house," located at a designated place in the county, "with the felonious intent then and there to commit the crime of larceny," charges the crime of burglary, as defined by section 459 of the Penal Code.

[2] ID. — DESCRIPTION OF BUILDING ENTERED — EVIDENCE — INSTRUC-TIONS.—In a prosecution for burglary, an instruction to the jury "that if you believe from the evidence . . . that the building de-

---

1. Meaning of "outhouse" or "outbuilding" within law of burglary, note, **Ann. Cas.** 1912D, 1193.

scribed in the information was an inclosed building . . . covered with a roof, and that the building was constructed with doors to be used in entering the building, and was used by the complaining witness as a building within which to keep his chickens, then . . . that chicken-house would constitute a building as contemplated by . . . section 459 of the Penal Code, even though said chicken-house may not have had any floor, and may have been attached to skids so that the same could be moved, if you should so find," is a correct statement of the law, and is not violative of the constitutional provision forbidding judges from charging juries as to questions of fact.

[3] ID.—CHARACTER OF BUILDING ENTERED—EVIDENCE—INSTRUCTIONS. In a prosecution for burglary, if the evidence as to the character of the building entered by the defendants is without conflict, and shows that it was such a building as is contemplated by section 459 of the Penal Code, it is not prejudicially erroneous for the court to instruct the jury that said structure was a house as contemplated by said section.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The charging part of the information against the defendants was as follows: "That said John Coffee and J. R. Hopkins on or about the 8th day of July, A. D. 1920, at and in said County of Stanislaus, State of California, prior to the filing of this information, did then and there willfully, unlawfully, feloniously and burglariously enter the chicken house of one T. B. Michael, and upon the premises of the said Michael, located one half mile south of Hughson, on what is known as the Tully Boulevard, in the County of Stanislaus, State of California, with the felonious intent then and there to commit the crime of larceny."

Section 459 of the Penal Code defines burglary as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine

or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.''

[1] One of the contentions of appellants is that the information does not charge the offense of burglary, inasmuch as it appears therein that the house was for the use of chickens instead of human beings, the objection growing out of the common-law conception of burglary. At common law, as is well known, only the habitation of human beings could be the subject of the burglarious breaking and entry. It may be added that certain decisions of the courts in interpreting the meaning of the statutory definition of the offense have been greatly influenced by a consideration of what the crime meant at common law. (*People* v. *Richards,* 108 N. Y. 137, [2 Am. St. Rep. 373, 5 N. E. 371].)

But in this state the courts have clearly distinguished between the common law and the statutory definition, and have pointed out that the latter is much more comprehensive than the former. (*People* v. *Stickman,* 34 Cal. 242; *People* v. *Barry,* 94 Cal. 481, [29 Pac. 1026].)

In the latter case it was said: ''It will thus be seen that common-law burglary and the statutory burglary of this state have but few elements in common, and, consequently, English cases give us but little light upon the question under examination.''

The Stickman case, *supra,* holds that burglary may be committed by the entry of a chicken-house, and the decision is directly opposed to the contention of appellants herein. Therein it is said: ''While the language of the statute might have been made more definite and certain by employing words in common use, it could not well be made more comprehensive, and we think that the absence of more particular terms of description indicates an intention, on the part of the legislature, to include every kind of building or structure 'housed in' or roofed, regardless of the fact whether they are at the time, or ever have been, inhabited by members of the human family. A house, in the sense of the statute, is any structure which has walls on all sides and is covered by a roof.'' Accordingly, the supreme court held that it was not error for the trial court in that case to refuse to give the following instruction: ''The breaking and entering, to constitute a burglary, must be into a house, room, apartment, or tenement, or a tent, vessel, or water

craft, usually used, or at any time used, as a sleeping place or residence for human beings, or wherein some person dwells, or persons dwell and lie in. If the jury find from the evidence, that the chicken-house which the defendant is charged with having feloniously entered was at any time used as a sleeping place or residence for human beings, or wherein some persons dwell, or persons dwell and lie in, and they also find that defendant feloniously entered with intent to commit grand or petit larceny, or any felony, they will find the defendant guilty as charged in the indictment. If they do not so find from the evidence, they will acquit the defendant."

Other cases from various jurisdictions are in harmony with the foregoing.

In *Williams* v. *State*, 105 Ga. 814, [70 Am. St. Rep. 82, 32 S. E. 129], the defendant was charged with entering a chicken-house and stealing therefrom certain pigeons. The prosecutor testified that "he had a large number of pigeons in a coop from which a number were stolen. In describing the coop, he testified that it was a chicken-house; that the house was made of wire, and was about eight feet tall, two stories, covered with shingles; that while he called it a coop, it was really a chicken-house; that it was nailed to the fence; it could not be moved about; that the posts that held it were not in the ground, but that the structure was stationary." The supreme court held that the structure was a *building* within the meaning of the section of the Penal Code defining burglary. It is true that said structure was nailed to the fence, but it is difficult to see how it could have been any the less a house or building if it had been on "skids" and, therefore, movable with less difficulty.

In *Gillock* v. *People*, 171 Ill. 307, [49 N. E. 712], it was also held that a "chicken-house" was a building that could be burglariously entered, the court saying: "The purpose of the legislature in passing the foregoing section of our statute was to radically change the common law as to the crime of burglary, and make those who burglariously enter other buildings than a mansion or dwelling-house guilty of that crime."

In *Favro* v. *State*, 39 Tex. Cr. Rep. 452, [73 Am. St. Rep. 950, 46 S. W. 932], it was held that "a tent or structure made by placing two forked mesquite poles, about seven feet

high, into the ground, with a ridge pole therein, and stretching over this a wagon sheet, the ends of which are brought down to the ground and nailed on each side to planks nailed to stakes in the ground, the east end of the structure being boxed up with boards, with a door and some boxes, with the wagon sheet tied over them, close up to the west end," was a "building" within the contemplation of the Penal Code.

Other decisions are collated in Words and Phrases (first edition) under the term "House," volume 4, page 3351, most of which are in line with the foregoing. Those apparently in favor of the contention of appellants represent somewhat different facts from what are found herein, and they require no specific notice.

[2] At any rate, the law in this state was correctly set forth in the following instruction of the trial court: "This jury is instructed that if you believe from the evidence, beyond a reasonable doubt and to a moral certainty in this case that the building described in the information was an inclosed building, about six feet long and five feet wide, with a height of six feet on one side and four feet on the other, covered with a roof, and that the building was constructed with doors to be used in entering the building, and was used by the complaining witness as a building within which to keep his chickens, then I instruct you that that chicken-house would constitute a building as contemplated by our statute defining burglary, to wit, section 459 of the Penal Code, even though said chicken-house may not have had any floor, and may have been attached to skids so that the same could be moved, if you should so find."

To this instruction, in addition to the contention that such a structure does not constitute a house or building within the meaning of said section, appellants make the further objection that it is obnoxious to the constitutional provision forbidding judges from charging juries as to questions of fact. In this appellants are in error. The instruction did not assume the existence of any of the component elements of the structure, but it declared what the legal conclusion must be if certain facts were shown by the testimony. It is true that there is no conflict in the evidence as to the size and character of said building, and, therefore, it would have been without prejudice if the court

had declared what they were. But what the court really did was to define or explain one of the important terms used in the definition of burglary, as it was necessary to have it explained in order that the jury might apply it to the evidence in the case. It was no more an invasion of the province of the jury than for the court to tell them that if they believed a burglary was committed between sunset and sunrise it was burglary of the first degree. The only difference is that what constitutes burglary in the first degree is defined in the statute, whereas the definition of the term "building or house" must be sought in the dictionary and decisions of the courts. The instruction, it may be added, contained a proper conception of the term, according to said authorities. Undoubtedly, the court might have defined the term in the abstract, might have stated, for instance, in the language of the supreme court that "a house, in the sense of the statute, is any structure which has walls on all sides and is covered by a roof," but the concrete form adopted by the court was more easily understood and applied. The jury might well have complained if the court had failed to state the meaning of the term as fixed by the authorities in reference to those elements of the structure that were established by the evidence. As laymen, they would be supposed to understand the meaning of the term "house" as used in common parlance, but they needed the assistance of the court to understand the word as a part of the legal terminology of the case.

[3] In view of the fact, as before stated, that the evidence as to the building was without conflict, it would not have been prejudicially erroneous for the court to instruct the jury that said structure was a house as contemplated by said section of the Penal Code. (*Willis* v. *State,* 33 Tex. Cr. Rep. 168, [25 S. W. 1119].)

From the foregoing it follows that the trial court committed no error in refusing certain instructions proposed by defendants, which were similar to one another, of which the following is an example: "You are further instructed that if the alleged chicken-house was portable, and made for the express purpose of being carried from place to place for the purpose of holding chickens, and was constructed on skids, and was not used or intended to be used for any purpose connected with habitation, or other purpose for which

houses are ordinarily used, then you cannot convict the defendants of burglary."

The other refused instructions proposed by defendants, as far as correct in principle, were fully covered by the charge of the court.

There is no merit in the contention that the evidence is insufficient to support the verdict. It is a fair inference from the showing made that the owner of the premises, being aroused by the barking of a dog between 12 and 1 o'clock at night, went from his residence to the chicken-house, a distance of some three hundred feet, and he found the defendants a short distance therefrom having in their possession certain chickens which were accustomed to roost in said structure. There was evidence also that certain human tracks were found in the chicken-house which corresponded with the tracks made by the defendants where they were apprehended by said owner. Indeed, without further specification of the evidence, we may say that there can be no reasonable doubt that the charge was fully sustained.

We find no error in the record, and as the defendants seem to have been fairly tried and justly convicted, the judgment and order are affirmed.

Prewett, P. J., *pro tem.,* and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 27, 1921, and the following opinion then rendered thereon:

THE COURT.—Appellants in their petition for rehearing contend that this court misunderstood their position in stating that "one of the contentions of appellants is that the information does not charge the offense of burglary, inasmuch as it appears that the house was for the use of chickens instead of human beings, the objection growing out of the common-law conception of burglary." They state in their petition that "what the appellants intended to convey was that there is no such term used in the statute defining burglary as chicken-house, and that in arriving at the question whether or not the structure designated as chicken-house came within the terms defining burglary, that it either had to come under the term 'house' or 'other building.'

The question of whether or not it was inhabited or occupied by human beings is not raised by appellants.''

We willingly accord to appellants the benefit of this explanation of their position, but we are satisfied that it can make no difference in the result of the appeal. The term ''house'' is used in the statute and the addition of the qualifying expression ''chicken'' does not detract from the force of the information in stating the offense of burglary. Whether it was a ''house'' in contemplation of the statute was a matter of proof to be presented at the trial. We are still entirely satisfied that such proof met the conditions of the statutory requirement and we think no satisfactory reason has been shown why the cause should be reheard.

The petition is therefore denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1921.

All the Justices concurred.