[Crim. No. 1338.  First Appellate District, Division One.—November 10, 1926.]

## THE PEOPLE, Respondent, v. RAYMOND FRANCO, Appellant.

[1] CRIMINAL LAW — BURGLARY — CODE DEFINITION — COMMON LAW.— The crime of burglary, as defined by section 459 of the Penal Code, is much more comprehensive than the offense at common law.

[2] ID. — BURGLARY OF SHOWCASES — SUFFICIENT ENTRY. — Showcases fastened along the walls and sides of a stairway leading from the sidewalk down to the store proper, and which are covered by the roof of the building, are in legal effect part of the store proper, and the entry of the place where they are situated and the theft of the contents thereof is a sufficient entry to constitute the statutory offense of burglary contemplated by section 459 of the Penal Code.

[3] ID.—IMPEACHMENT—PRIOR CONVICTION OF FELONY—ERROR WITHOUT PREJUDICE.—In this prosecution for burglary it was error for the trial court to refuse to permit counsel for defendant to impeach the testimony of one of the witnesses for the prosecution, by asking him whether or not he had ever been convicted of a felony; but such error did not justify a reversal of the judgment, where the entire testimony of said witness was unnecessary for a conviction, and the facts to which he testified were already in evidence through the testimony of peace officers that defendant had voluntarily admitted the same facts to them.

(1) 9 C. J., p. 1022, n. 9.  (2) 9 C. J., p. 1026, n. 57.  (3) 17 C. J., p. 313, n. 46; 40 Cyc., p. 2622, n. 60.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Charles R. Barnard, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Marlowe Bumpus for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, for Respondent.

1. See 4 Cal. Jur. 716.
2. Burglary without breaking, note, 23 A. L. R. 288.

TYLER, P. J.—Defendant was charged by information with the crime of burglary. He was tried and convicted. A motion for a new trial was made and denied. This appeal is from the judgment and order.

The evidence established the following facts: One H. R. Schucker was operating a shoe store in the city of Fresno. The store was situated in the basement of the building known as 1047½ Fulton Street. In order to enter the store it was necessary to proceed down some stairs leading from the sidewalk to the store proper. Along the walls and sides of the stairway some five showcases had been installed in which were displayed numerous pairs of shoes. On the night of February 19, 1926, the lock on one of these showcases was broken open and six pairs of shoes taken therefrom. Early in the morning of the following day defendant rented a room under an assumed name at a certain hotel in Fresno, at which time he left a box containing the stolen shoes with the proprietor. Later in the morning, accompanied by one Nick Rodriquez, he appeared at the hotel and asked that the box be delivered to him. In the meantime the police officers of Fresno had ascertained that the box was at the hotel and a detective had stationed himself at the door thereof for the purpose of apprehending defendant. Rodriquez left the hotel with the box in his possession and proceeded to enter an automobile when he was arrested. Immediately afterward defendant was also taken into custody. They were brought before the assistant district attorney and questioned. Defendant admitted that Rodriquez was in no manner implicated in the affair and had merely agreed to take the box to the express office for the purpose of having it shipped. Rodriquez was subsequently released from custody. At the time of his arrest defendant had a tire iron on his person which was capable of being used to commit the offense charged. Defendant offered no evidence in his own behalf. He was convicted of burglary in the second degree. In support of this appeal it is first urged that as there was no internal communication between the display cases and the store proper, the cases were not a part of the store, and that consequently there was no entry of the store proven which would bring the offense within the contemplation of the statute defining

burglary. **[1]** The Penal Code in defining this offense provides that "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary" (sec. 459).

It is clearly apparent that the statutory crime of burglary is much more comprehensive than the offense at common law. (4 Cal. Jur. 723.) **[2]** A house, in the sense of the statute, is any structure which has walls on all sides, covered by a roof (Ib.). Here the roof of the building covers the showcases. They are therefore in legal effect part of the store proper and the entry of the place where they are situated must be held a sufficient entry to constitute the statutory offense. It has been uniformly held under burglary statutes that the word "house" has the very broadest significance and meaning and is very comprehensive. (*Williams* v. *State,* 72 Tex. Cr. Rep. 371 [162 S. W. 838].) In this case a showcase was broken open and certain shoes taken therefrom. The showcase, as here, was outside of the store and there was no entrance to it from the inside of the store proper. It was there held that it was a part of the house so as to constitute a sufficient entry. (See, also, *Lewis* v. *State,* 72 Tex. Cr. Rep. 377 [162 S. W. 866].)

To the same effect is *Hohn* v. *State,* 60 Neb. 487 [83 N. W. 674], where it is held that the breaking into the hallway in the basement of a building where such basement was not connected internally with other portions of the building was burglary of a house, as it was part of a building under the same roof and the mere fact that there was an outer entrance did not change its character. There is, therefore, no merit in the claim. **[3]** It is next contended that the trial court committed error in refusing to permit counsel for defendant to impeach the testimony of Nick Rodriquez, who testified for the prosecution, by asking him whether or not he had ever been convicted of a felony. This, no doubt, was error, but it was not of the character that justifies a reversal of the case. All that Rodriquez testified to was the fact of his meeting the defendant in a barber-shop and being requested by him to carry the box

of shoes to the express office in his automobile. It was already in evidence that defendant had voluntarily admitted to the officers that such was the fact. Under these circumstances we fail to see how the rejection of the question affected defendant's substantial rights or resulted in a miscarriage of justice, as the entire testimony of the witness was unnecessary for a conviction. Defendant's possession of the stolen goods was proved by several witnesses.

And finally complaint is made that the trial court erred in refusing to give certain instructions as to what constituted a building. The conclusion we have reached with reference to the first point raised by appellant disposes of this question. To the objection that the court failed to properly instruct the jury in regard to circumstantial evidence, it is sufficient to say that we have read the instructions and they fully and correctly informed the jury upon the law covering the subject.

There is no merit in the appeal.

The judgment and order are affirmed.

Knight, J., and Campbell, J., *pro tem.*, concurred.