[Crim. No. 3150. In Bank.—December 28, 1928.]

## THE PEOPLE, Respondent, v. VENICE GIBBONS, Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, John W. Maltman and John L. Flynn, Deputies Attorney-General, Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

THE COURT.—In this case a hearing was granted after decision by the district court of appeal because of the earnest insistence of the attorney-general that the statute defining burglary in this state had been misconstrued. After a careful consideration of the authorities relied upon by

petitioner, we are satisfied with the opinion of the district court of appeal, second district, heretofore filed herein and written by the Honorable Justice Craig and we adopt said opinion as the opinion of this court, as follows:

"The appellant, Venice Gibbons, and two codefendants, Tippen and Simpson, were charged jointly by an information filed by the district attorney of Los Angeles county with burglary, with receiving stolen property, and conspiracy to commit a felony. During the trial counts two and three, charging receiving stolen goods and conspiracy to commit a felony, respectively, were dismissed. Appellant was convicted of burglary in the second degree, and from the judgment pronounced by the court thereon he appeals.

"It is first contended that the verdict is contrary to the evidence because, it is said, the structure from which the evidence tended to show the stolen property to have been taken was not of such a nature as to permit of the crime of burglary being committed therein. In this regard the record discloses that certain aluminum was taken from a bin having three sides and a roof. However, the roof consisted of the floor of a building called by the witnesses a 'bag house,' which it was testified was completely enclosed. The side of the bin which was open, faced on a yard which was entirely fenced but there was no roof over the yard. In response to questions by the trial court, the witness Snyder, an officer of the corporation owning the premises from which the aluminum was taken, stated that the bin is not a cellar or basement, that it is on a level with the lot, that over this bin is 'a bag house for the reception of all smokes,' that the floor of the bag house is up from the ground some six or eight feet, and forms the roof of the bin, 'and it is walled in except one side.'

"It is true, as stated in *People* v. *Coffee*, 52 Cal. App. 118 [198 Pac. 213], that in this state the statutory definition of burglary is much more comprehensive than the definition of the same offense at common law. In that case a chicken house was held to be a structure which might be burglarized. The same was the ruling in *People* v. *Stickman*, 3 Cal. 242, and in *People* v. *Franco*, 79 Cal. App. 682 [250 Pac. 698], a showcase was broken open. It was held that the taking of shoes therefrom was burglary, because, it was pointed out, the showcase was a part of, and

was under the roof of the store building to which it was attached, and the court concluded that such a showcase was a 'house' within the meaning of section 459 of our Penal Code.

"However, in each of these cases, and others cited in *People* v. *Franco, supra,* the structure had four sides and a roof. The showcase was completely enclosed, and so were the chicken houses. We are cited to no case, and know of none, where the element of the definition of burglary which requires a breaking into some kind of structure has been held to be nonessential. The common law, of course, required that the building be a human habitation. This is not necessary under our statutes, but as said in *People* v. *Coffee, supra,* the structure need only be one having four sides and a roof.

The bin in question being open on one side does not measure up to that definition. This case may be another example of a guilty man escaping punishment because the prosecuting officer has persisted in pressing a charge which is not justified under the evidence when apparently there was ample evidence to sustain a verdict of guilty of grand theft. It is the duty of this court, of course, to apply the law to the record before us, and since the testimony is uncontradicted in establishing the facts as above related, the defendant's contention is fully sustained.

"It is not necessary to pass upon other points presented by the appellant."

The judgment is reversed.

SHENK, J., Dissenting.—I dissent. I find myself unable to agree with the conclusions reached by a majority of the court to the effect that the offense proved was not burglary. The information charged the defendant with unlawfully entering "the outhouse and building" with the intent to commit larceny therein. The proof showed conclusively to my mind that the portion of the structure which was entered was an integral part of a building having four sides and a roof and satisfied the definition of numerous structures named in section 459 of the Penal Code. That section provides: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine,

or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.'' The fact that the portion of the building entered was for convenience left open on the one side facing the private service yard would not, in my opinion, remove the structure from the definition of a ''building'' as contemplated by the code section. The structure described in the evidence is no more open than was the stairway leading to the store involved in *People* v. *Franco*, 79 Cal. App. 682 [250 Pac. 698]. In that case the roof of the building covered the showcases from which the shoes were taken. Access to the showcases was by means of the open stairway. It was held, not that a showcase was a ''house'' as stated by the majority opinion, but that the said showcases were, in legal effect, part of the store proper. So, here, the storeroom for the metals beneath the main building was part and parcel of the building itself. Our present statutory crime of burglary is much more comprehensive than the offense of that name at common law. Breaking is not now an essential element of the crime. Entry only is required to be alleged and proved. The main opinion has, I think, placed a too narrow construction on those words as used in the statute and has unduly limited the effect of the law relating to the crime of burglary.