THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ EMILIO COSME VARGAS, Defendant and Appellant.

No. CR-67-76.        Decided January 28, 1969.

E. *Armstrong Watlington* and *Enrique Miranda Merced* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a case of burglary in the first degree. Appellant was caught stealing, at nighttime, in the warehouse of a hardware store. The hardware store has the shop in front and the warehouse in the rear. The warehouse is walled on three sides, the back is open, it has a roof, and a great amount of merchandise is kept there. The warehouse is surrounded by a seven-foot fence plus two or three feet of barbed wire. Said fence has a gate giving access to that place. Appellant was convicted in the trial court.

Appellant was specifically accused of entering during the nighttime and with the criminal intent to commit larceny "into the *building* where the *warehouse* of the corporation, Comercial Antillana, Inc., is located." (Italics ours.)

On appeal he assigns four errors. In the first assignment he alleges that the trial court erred in understanding that the building where appellant entered was one of those protected by § 408 of the Penal Code. He argues that in order to commit burglary the building entered must have four walls, and that the warehouse where he entered has only three walls, a roof, and a fence.

We do not agree. Section 408 of the Penal Code, 33 L.P.R.A. § 1591 reads as follows:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, barn, stable, outhouse, or other building, tent, vessel or car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

He cites the case of *People* v. *Gibbons*, 273 Pac. 32 (1928), per curiam opinion written forty years ago, where his contention herein was decided. *Gibbons* contains a well-reasoned dissenting opinion where it is alleged, correctly in our opinion, that the fact that one side of the building was left open for convenience does not remove the structure from the definition of a building. That dissenting opinion is then praised in an article which deals with the matter with the benefit of greater composure and after a broader investigation at the university level. See McCormac, *Development of the Law of Burglary in California*, 25 So. Cal. L. Rev. 75, 82 (1951).

■ Originally, in Anglo-Saxon common law, burglary consisted in entering a dwelling at nighttime with the intent to commit an offense, *Stowell* v. *People*, 90 P.2d 520, but the offense of burglary has been redefined and enlarged many times both by judicial interpretation as well as by legislation.[1] In Puerto Rico said offense is, as it is known, statutory. Our statute does not contain a definition of the word building, nor of the word warehouse.[2] After all, it is assumed that the courts know what constitutes a building as well as a warehouse, for any adult knows that. We do not have to elaborate much in order to show that not all the buildings must have four walls and a roof. That definition comes from ancient times when architecture was simple and did not change much. Today that is not the case.

■ The number of walls, of the burglarized building, is not an essential element of the offense of burglary. The elements of that offense in Puerto Rico are (1) entry, (2) into one of the places specified in the statute, and (3) with

---

[1] 2 Russell, Crime 911, 11th ed. (1958), London; Perkins, Cases on Criminal Law and Procedure, 3rd ed. (1966); Paulsen and Kadish, Criminal Law and Its Processes 453 (1962).

[2] Neither is it contained in the Proposed Penal Code submitted by the Governor to the Legislature in the year 1967, S.B. 581 of that year.

the intent to commit grand or petit larceny, or any felony.

In order to show that the position assumed by appellant is incorrect, some examples suffice. For instance, if the entry and the larceny are committed in a building of five walls and a roof, is it not burglary? And if it is committed in a silo which is a cylindrical structure and which has only one wall around? And if it is committed in a tetrahedron, which is a building in the form of a pyramid, and which has four walls but no roof? And if it is committed in a building of a conical form, in which case there is only one circular wall and no roof? And if it is committed in a quonset hut which has a semi-cylindrical form?

In point of fact all those are buildings, products of architecture, and in all of them burglary may be committed if there is the entry with the intent to commit grand or petit larceny, or any felony. The purpose of the statute is not to protect some kind of building and not others (for example, to protect buildings having four walls, but not those having three or five walls) but it is to protect the life and property.

But even though we were to assume a very literal position, we could not agree with appellant since our statute defines burglary as the entry (with the intent to commit larceny) into a "warehouse" or "other building," and appellant was accused of entering "the *building* where the *warehouse* of the corporation Comercial Antillana is located." Appellant entered a building and a warehouse, since that building was utilized by its owners as a warehouse.

The narrow doctrine of the *Gibbons* case, *supra*, example of a formalistic and archaic juridical approach, has been overridden. Nowadays it is considered that a building is any structure made or devoted to shelter persons or animals or to keep things; that a house or dwelling is a

place where people live or may live and that a warehouse is any structure where property is kept or may be kept.

■ In *People* v. *Wilson*, 182 N.E.2d 683 (1962) it was held that burglary in the first degree was committed when the defendant entered an auto repair shop, one of the sides of which was open and access could be had without opening or breaking any door. In identical sense see *People* v. *Gillespie*, 176 N.E. 316 (1931).

In *Anthony* v. *State*, 207 S.W.2d 84 (1948) it was held that a building the first floor of which had no doors and was entirely open is a building and conviction was sustained.

In *State* v. *Davis*, 373 P.2d 128 (1962) the statute included, as in Puerto Rico, buildings among the structures which could be object of burglary. Appellant burglarized a cigar stand. This stand consisted of a structure very common in the streets of the United States utilized to sell cigarettes or magazines or candy. It is a small booth or stand with wooden walls on *three* sides, with a roof and open towards the sidewalk. At night it is closed with a canvas which serves as a parasol during the daytime. The court concluded that that structure was a building and it sustained the conviction.

It has also been held that a stand or booth for the sale of popcorn mounted on wheels, is a building where burglary may be committed. *People* v. *Burley*, 26 Cal. App.2d 213.

■ The entry need not be complete; it is not necessary that all of the body of the burglar enter the building or house burglarized. It has been held that in order to commit burglary it suffices that the thief introduce a hand or an arm into the house or building. *People* v. *Soriano Rodríguez*, 92 P.R.R. 44, 47 (1965), and cases cited therein; see also, 25 So. Cal. L. Rev. 85 and cases cited therein.

■ Consistent with the universal purpose of the courts to fulfill the legislative intent, it has been held that dog kennels, stables, showcases, and a powder magazine located

in a cave where a door was installed are buildings where burglary may be committed.[3]

As we have seen, the concept of building as a structure of four walls and a roof has been already abandoned. It had to be so, in view of the development of architecture. In order to ridicule it an author has called it "the magic of four walls and a roof." 100 U. Pa. L. Rev. 411 (1951).

Our statute includes "buildings" among the places which may be burglarized. The word building is a very embracing word, which has been liberally interpreted and it is reasonable to understand that the warehouse which was burglarized in this case is a building. But even assuming that it became necessary for us to interpret, the judicial interpretation should be made for social purposes. In a country like Puerto Rico where at the present time a burglary is committed every 28 minutes[4] and where homes and commercial establishments have to be enclosed in steel grates, there is no justification to judicially reduce the scope of the section in question (33 L.P.R.A. § 1591) but it seems reasonable to adopt the best case law and the best doctrine on that particular, which would lead us to conclude that the burglarized warehouse is a building and that the offense was committed.

In any event, our statute also includes a "warehouse" as a place where larceny may be committed and it does not define that term restrictively. Appellant was accused and convicted of entering, with the intent to commit larceny, the warehouse of a commercial firm.

Our statute does not contain a definition of building, therefore the word should be understood in the ordinary and usual sense attributed to it. There should be no doubt that a warehouse like the one previously described, full of mer-

---

[3] See in the above-mentioned order, *Carleton* v. *State*, 163 N.E. 311; 12 So. Cal. L. Rev. 91–92 and cases cited therein.

[4] Police of Puerto Rico, *Datos Estadísticos* 1965–66, pp. R-2 and R-3.

chandise and protected by gates and padlock, is a building and that anyone who enters there at nighttime to commit larceny commits burglary in the first degree. The first error assigned was not committed.

■ The other three errors assigned do not merit great discussion since they are untenable. The second challenges what appellant calls appellant's oral admissions. In effect it deals with the testimony of policeman Amador and this is a piece of evidence like any other. Its admissibility was not objected to by the defense at any time and objection is untimely raised for the first time on appeal. *People* v. *Soto Requene*, 91 P.R.R. 136, 138 (1964); *People* v. *Bonilla*, 78 P.R.R. 144 (1955), and *People* v. *Vázquez*, 75 P.R.R. 22 (1953). Neither does the record show any undue interrogatory made to appellant, as it is alleged in the third error. The last error challenges the sufficiency of the evidence and the same is frivolous.

For the reasons stated the judgment rendered in this case by the Superior Court, San Juan Part, on September 3, 1965, will be affirmed.

Mr. Acting Chief Justice Pedro Pérez Pimentel and Mr. Justice Santana Becerra dissented. Mr. Chief Justice Luis Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.