**UNITED STATES of America, Plaintiff,**

v.

**Johnny BERMUDEZ, Defendant.**

**No. CR 87–417 AWT.**

United States District Court,
C.D. California.

Aug. 27, 1990.

Lourdes G. Baird, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief, Crim. Div., Spurgeon E. Smith, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Peter M. Horstman, Federal Public Defender, H. Dean Steward, Directing Atty., Santa Ana, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

In *United States v. Bermudez,* 742 F.Supp. 556 (C.D.Cal.1990) (*Bermudez I*), the Court held that defendant's enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was an illegal sentence. The ruling was based on then-binding circuit law that "burglary" under the ACCA was limited to common law burglary. *See United States v. Chatman,* 869 F.2d 525 (9th Cir.1989).

Subsequent to *Bermudez I,* the government moved to stay resentencing on the ground that the Supreme Court had granted *certiorari* in *Taylor v. United States,* — U.S. ——, 110 S.Ct. 231, 107 L.Ed.2d 183 (1989), on the issue of the meaning of "burglary" under the ACCA. That motion was granted and resentencing was deferred. *Taylor v. United States,* — U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), has now been decided and the parties have submitted further briefing on the issues raised by *Taylor.*

Defendant was convicted of being a felon in possession of a firearm under the ACCA, 18 U.S.C. § 922(g). He had previously been convicted of burglary three times. Under the ACCA's sentence enhancement provisions, those three prior convictions subjected defendant to a mandatory minimum term of imprisonment of 15 years without eligibility for parole. 18 U.S.C. § 924(e). Absent three prior convictions, defendant would have been subjected to a maximum term of five years imprisonment, with no mandatory minimum term, and with eligibility for parole. § 924(a)(1).

In *Bermudez I,* the Court also held that *Chatman* should be applied retroactively on a motion under F.R.Crim.P. 35(a) to correct an illegal sentence. No reason appears why the retroactivity analysis of *Bermudez I* should not apply to *Taylor* as well. Thus, the only remaining issue is whether or not defendant's three prior burglary convictions meet the requirements of *Taylor.*

## DISCUSSION

The ACCA's sentence enhancement provision applies when the defendant has previously been convicted of three "violent felonies." In turn, "violent felony" is defined to include, *inter alia*, "burglary." § 924(e)(2)(B)(ii). In *Taylor*, the Supreme Court rejected the government's argument that any crime denominated as being "burglary" under state law constitutes a burglary for the purposes of the ACCA. Instead, the Court held that

> a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, *having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.*

110 S.Ct. at 2158 (emphasis added).

### I. Categorical Analysis

■ The Court also held that, in general, a categorical approach should be applied, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 2159.

California's burglary statute, under which defendant was convicted, does not qualify under *Taylor's* bright line rule. Its most obvious deficiency is that it applies to far more than buildings and structures. *Taylor* noted specifically that California's statute includes burglary of locked automobiles and implied that automobiles are not "structures." *Id.* at 2154.

In addition, the California statute does not require an "unlawful or unprivileged entry." While *Taylor* included little explanation of the elements of its generic definition, the opinion did cite approvingly two sources: a criminal law treatise and the Model Penal Code. *Id.* at 2158. From those sources, it appears that *Taylor's* re-

quirement of an unlawful or unprivileged entry is designed to "exclud[e] those entries of premises when they are open to the public or by a person licensed or privileged to enter." 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 8.13(a) at 466–67 (1986) (footnote omitted) (LaFave & Scott). As LaFave & Scott notes, it excludes situations such as where

> a servant enters his employer's house as he normally is privileged to do, intending on the occasion to steal some silver; a shoplifter enters a department store during business hours to steal from the counters; a litigant enters the courthouse with intent to commit perjury; a fireman called on to put out a fire resolves, as he breaks down the door of the burning house, to misappropriate some of the householder's belongings.

Model Penal Code § 221.1, Comment at 69 (1980).

Both the statute itself and the cases interpreting it indicate that California does not require an unlawful or unprivileged entry. The statute, Cal. Penal Code § 459, provides that "[e]very person who enters any [specified place] with intent to commit grand or petit larceny or any felony is guilty of burglary." No mention is made of any requirement that the entry be unlawful or privileged. In *People v. Pendleton*, 25 Cal.3d 371, 158 Cal.Rptr. 343, 599 P.2d 649 (1979), the California Supreme Court rejected the proposition that entry "without consent of the owner, his agent, or the person in lawful possession" is a necessary element of burglary. The court considered it settled that "the entry need not constitute a trespass." *Id.* at 382, 158 Cal.Rptr. 343, 599 P.2d 649. The court concluded that "*one may be convicted of burglary even if he enters with consent,* provided he does not have an unconditional possessory right to enter." *Id.* (emphasis added).[1] In *People v. Wilson*, 160 Cal.

---

1. A leading commentary on California law states that a lack of consent is required. 2 B. Witkin & N. Epstein, California Criminal Law § 662 (2d Ed.1988). This view is supported by a number of cases, including *People v. Gauze*, 15 Cal.3d 709, 125 Cal.Rptr. 773, 542 P.2d 1365 (1975). In *Gauze*, the Court concluded that a

person could not burglarize his own home, in part because the entry must be "without consent". *Gauze* reconciled cases holding burglary to include entry for shoplifting by explaining that the rationale of those cases was that the entry was unlawful because permission was granted only to enter for a lawful purpose. The

App.2d 606, 608, 325 P.2d 106 (1958), the court upheld a burglary conviction for shoplifting, which the Model Penal Code clearly considers to be outside the scope of "generic" burglary. *See also People v. Edwards*, 22 Cal.App.3d 598, 99 Cal.Rptr. 516 (1971) ("burglarious entry" found where defendant committed theft at hospital which he had entered for purposes of treatment); *People v. Ravenscroft*, 198 Cal.App.3d 639, 243 Cal.Rptr. 827 (1988) (insertion of stolen Automatic Teller Machine card into ATM constituted entry).

Both because it extends beyond buildings and structures and because it does not require entry to be unlawful, California's burglary statute does not meet the requirements of the *Taylor* definition. Thus, convictions under California's burglary statute do not qualify as prior convictions for the purpose of sentence enhancement under the ACCA under *Taylor*'s bright line rule.[2]

### II. Particularized Analysis

■ However, the court left open the possibility that a prior burglary conviction could qualify under the ACCA, even if it was obtained under a statute which did not meet the *Taylor* definition of burglary. The Court held that "in a narrow range of cases" a particular conviction could qualify if "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order

to convict the defendant." 110 S.Ct. at 2160.

In this case, all of defendant's convictions resulted from guilty pleas. Thus, the first problem in applying *Taylor*'s particularized, or case-by-case, analysis to this case is that *Taylor* approves its application only in the context of a conviction after trial. In discussing application of its particularized analysis, the Court discussed the difficulty and the seeming unfairness of applying it to convictions based on guilty pleas. *Id.* However, it is not entirely clear whether it holds that such convictions obtained under non-generic statutes can never qualify as a prior ACCA conviction, regardless of the factual basis. If *Taylor* did not decide the issue, it at least raises substantial doubt as to whether such a conviction could ever be a qualifying ACCA burglary. In *O'Neal*, the Ninth Circuit applied *Taylor* to a burglary conviction based on a plea of guilty. *O'Neal*, 910 F.2d at 666. Only the "charging paper" reflected the generic definition of burglary. However, that was sufficient for the court to hold: "The record reveals that O'Neal was convicted of violating Cal.Penal Code § 459 by unlawful entry into a building with intent to commit a crime." *Id.* In *O'Neal*, however, it does not appear that the issue of whether *Taylor* could be applied to a conviction based on a guilty plea was raised by the parties and was before the court.[3] Applicability of *Taylor* to a guilty

---

entry was "without consent" because of the unlawful purpose. Similarly, a previous case holding that a separated husband who had a conditional right to enter his wife's house could be convicted of burglary rested on the foundation that the right of entry was limited, to entry for a *lawful* purpose.

This view of "consent" and "privilege" is entirely inconsistent with the view reflected in *Taylor*. *Taylor* implicitly rejects a definition of privilege based on the purpose for which permission to enter was granted. *See* LaFave & Scott, at 467 n. 31 (citing disapprovingly a Nebraska case holding that defendant's entry was "unlawful" because consent to enter the store had been for a lawful purpose only).

In addition, *Pendleton* was decided after *Gauze*, and explicitly states that "[t]he law after *Gauze* is that one may be convicted of burglary even if he enters with consent...." 25 Cal.3d at 382, 158 Cal.Rptr. 343, 599 P.2d 649. Using a

definition of "privilege" consistent with *Taylor*, the court believes that *Pendleton* reflects the law of California more accurately than the line of cases represented by *Gauze*.

**2.** *United States v. O'Neal*, 910 F.2d 663 (9th Cir.1990), implicitly supports this conclusion. In *O'Neal*, the panel ignored the California burglary statute and went directly to a "particularized" analysis of the elements charged in the indictment. Under *Taylor*, a particularized analysis is necessary only if the statute does not correspond to *Taylor*'s generic definition of burglary. In contrast, in *United States v. Cunningham*, 911 F.2d 361, 362 (9th Cir.1990), the court held that Oregon's statutory definition of burglary is virtually identical to *Taylor*'s generic definition.

**3.** *O'Neal* was argued and submitted on Feb. 8, 1990, before *Taylor* was decided.

plea appears to have been assumed in *O'Neal;* there is no discussion or analysis of the issue.[4] The only conclusion that can be reached at this point is that appellate case law is unclear on whether a California burglary conviction based on a plea of guilty can be used for sentence enhancement under the ACCA and, if so, under what circumstances.

Even assuming, however, that a prior conviction would qualify for enhancement under the ACCA if the charging paper alone satisfies *Taylor*'s generic burglary criteria, in the case at bench, only one of the three charging papers satisfies *Taylor.* Defendant's 1978 burglary conviction was based on a charging paper which alleged that defendant *unlawfully entered a residence and building* with the intent to commit a felony. Neither of the remaining two charging papers alleged an unlawful or unprivileged entry; therefore, they do not satisfy the *Taylor* definition. At most, defendant has been convicted of one prior qualifying felony, and would not be subject to the ACCA's enhancement provisions.

Assuming further that the colloquy at the taking of a guilty plea could satisfy the *Taylor* requirement in the face of a deficient charging paper, the deficiency would not be cured in this case. The plea-taking colloquy of the 1976 burglary conviction did not cure the felony complaint's deficiency, *i.e.*, a failure to charge that the entry was unlawful, unconsented to or unprivileged. The defendant only confirmed that he entered a residence with the intent to steal something.[5]

CONCLUSION

At most, defendant has been convicted of only one "qualifying" prior burglary under the ACCA. It was error to enhance his

sentence under § 924(e)(1) of the ACCA; his 15-year sentence was illegal.

IT IS ORDERED that defendant's sentence imposed on November 2, 1987, shall be vacated and defendant shall be resentenced. Sentencing is reset for October 9, 1990, at 9:00 a.m. in Courtroom No. 2. In accordance with F.R.Crim.P. 32(a)(1)(C), defendant shall be present at his sentencing. Any further memoranda or documentary material to be submitted for consideration at the sentencing shall be filed by October 1, 1990.

---

**4.** *O'Neal* also appears to be in conflict with the closely analogous case of *United States v. Sherbondy,* 865 F.2d 996 (9th Cir.1988). *Sherbondy,* in interpreting § 924(e)(2)(B)(i) of the ACCA, held that "evidence of the specific acts involved in the offense is irrelevant under subsection (i)." *Id.* at 1006. In *Taylor,* the Supreme Court expressly cited *Sherbondy* with approval for its holding "that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." 110 S.Ct. at 2159. Although *O'Neal,* like the case

at bench, involved subsection (ii) of § 924(e)(2)(B) and not subsection (i), it does not mention *Sherbondy.*

**5.** There is no reporter's transcript available of the plea-taking colloquy for defendant's third burglary conviction in 1974. The plea-taking colloquy for the 1978 burglary conviction confirms the charging allegations in the felony complaint, which include all of the elements of generic burglary.