569 So.2d 866 (1990)
STATE of Florida, Appellant,
v.
Kelly Richard HYSELL, Appellee.
No. 89-2523.
District Court of Appeal of Florida, Fifth District.
November 8, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis and Anthony J. Golden, Asst. Attys. Gen., Daytona Beach, for appellant.
Mark E. NeJame of NeJame & Hyman, P.A., Orlando, for appellee.
HARRIS, Judge.
The State appeals the dismissal of one count of its information. We affirm.
Appellee, Kelly Richard Hysell, was charged with burglary, credit card fraud and petit theft. He is alleged to have obtained a Sun Bank ATM card belonging to another and used it to make unauthorized withdrawals from the 24-hour automatic teller. The court granted the appellee's (c)(4) motion to dismiss the burglary charge, holding that the unauthorized withdrawal from an automatic teller does not constitute burglary under Florida law. The State urges that this was error for two reasons: one, it filed a traverse which mandated denial and two, the entry into the teller machine is the same as entry into the bank, which subjects Hysell to a burglary charge.

EFFECT OF TRAVERSE
The State asserts that State v. Sawyer, 526 So.2d 191 (Fla. 3d DCA 1988), State v. McKinnon, 546 So.2d 464 (Fla. 4th DCA 1989), and State v. Randall, 553 So.2d 395 (Fla. 5th DCA 1989) mandate a denial of the motion to dismiss if a traverse *867 is filed specifically denying the allegations of the motion. But this is only true if the traverse creates a dispute as to material evidentiary facts. The traverse filed in this case only disputed the legal effect of the entry by use of the ATM card  not the fact that Hysell never physically entered the bank. The traverse in this case was insufficient to prevent the court from considering the motion.

BURGLARY BY ATM CARD
The State relies on People v. Ravenscroft, 198 Cal. App.3d 639, 243 Cal. Rptr. 827 (1988) as authority for the proposition that the insertion of an ATM card into a teller machine mounted inside the bank and secured flush with the exterior wall of the bank constitutes an "entry" to the "building." This appears to be a case of first and only impression. In any event, it has no application under the law of Florida.
Even if we were to decide that the insertion of an ATM card into a teller machine was an entry into the bank, still the crime of burglary has not occurred. Our statute provides that no burglary occurs if "the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." § 810.02, Fla. Stat. (1989). The function of an automatic teller machine is to be open 24 hours a day, and the ATM card-carrying public is invited and encouraged to "enter" at any time.
AFFIRMED.
COBB and PETERSON, JJ., concur.