[No. A065729. First Dist., Div. Five. Mar. 16, 1995.]

In re AMBER S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
AMBER S., Defendant and Appellant.

## COUNSEL

Robert A. Roth, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Joanne S. Abelson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KING, J.—In this case we hold that an "open pole barn" without walls is not a building within the scope of California's burglary statute.

Amber S. and an accomplice were caught in the act of stealing some 30 bales of hay from a structure described by the owner as an "open pole barn." The structure was open on all sides, consisting of a roof and overhang held up by poles. Amber was charged with burglary (Pen. Code, § 459), and a referee found the allegation to be true. The referee adjudged Amber a ward of the court and placed her on probation.

Amber correctly contends the structure at issue is not within the scope of Penal Code section 459, which applies to "any house, room,

apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building" and certain enumerated nonbuildings not relevant here. It has long been the rule that a "building" within the meaning of California's burglary statute "is any structure which has walls on all sides and is covered by a roof." (*People* v. *Stickman* (1867) 34 Cal. 242, 245; accord, *People* v. *Gibbons* (1928) 206 Cal. 112, 114 [273 P. 32]; *People* v. *Brooks* (1982) 133 Cal.App.3d 200, 204 [183 Cal.Rptr. 773]; *People* v. *Coffee* (1921) 52 Cal.App. 118, 120 [198 P. 213].) The walls can take various forms and need not reach the roof (*People* v. *Brooks, supra*, 133 Cal.App.3d at pp. 203-204), but they must "act as a significant barrier to entrance without cutting or breaking." (*Id.* at p. 206.) "The proper question is whether the nature of a structure's composition is such that a reasonable person would expect some protection from unauthorized intrusions." (*People* v. *Nible* (1988) 200 Cal.App.3d 838, 844 [246 Cal.Rptr. 119].) The open pole barn described by the owner in the present case does not meet this test, for lack of any walls whatsoever. There was no significant barrier to entrance, no protection from unauthorized intrusions.

The Attorney General argues Penal Code section 459 encompasses this structure because it is a "barn," which is specifically enumerated in the statute. But the list of structures in which "barn" appears ends with the phrase "or *other* building." (Pen. Code, § 459, italics added.) Thus, the statute treats a barn as a type of building, making it subject to the requirement of walls.

Everyday knowledge is consistent with the applicable law here. We have all heard that it is pointless to close the barn door after the horse has gotten out. But if there are no walls, there is no barn door, and the horse is free to leave anytime. This venerable aphorism is not just a metaphor, but tells us something practical about barns: they must have walls and a door to keep the horse in. If there are no walls, there is no barn.

We conclude this structure is not within the scope of the burglary statute. Amber might have committed a theft or trespass offense, but she did not commit burglary. She was charged with the wrong offense.

The judgment is reversed.

Peterson, P. J., and Haning, J., concurred.