## STATE, Respondent, v. TED MARKS, Appellant.

[260 Pac. 697.]

CRIMINAL LAW — BURGLARY — STRUCTURE CONSTITUTED AS BUILDING— "OUTHOUSE" — NO VARIANCE HELD BETWEEN INFORMATION AND PROOF — ORDINARY TERMS AND WORDS NOT DEFINED — BURDEN OF SHOWING ERROR.

1. A small structure built against a larger building, and being completely walled in, with a roof and door thereon, and used for purpose of protecting property placed therein, constituted a building used in connection with a larger building, and subject to burglary, within meaning of C. S., sec. 8400.

2. Information charging burglary by breaking and entering of an outhouse *held* not at variance with proof that defendant burglarized a structure attached to a place of business and used for storage purposes, since, though "outhouse" is usually a smaller building subservient to a dwelling-house, it may yet be subservient to and adjoin a business building within meaning of C. S., sec. 8400.

3. When ordinary words and terms of statute are used in the sense in which they are generally understood, it is not necessary to define or explain them.

4. Appellant has burden of showing error on appeal after conviction.

Publisher's Note.

1. What is "house" within the meaning of the law of burglary, see note in 22 Am. Dec. 150. See, also, 4 R. C. L., Burglary, sec. 15.

2. Meaning of "outhouse" or "outbuilding," see note in Ann. Cas. 1912D, 1193.

See Burglary, 9 C. J., sec. 32, p. 1023, n. 18, 19, 20, p. 1024, n. 21, 25; sec. 40, p. 1026, n. 56; sec. 43, p. 1028, n. 66; sec. 112, p. 1060, n. 67; sec. 132, p. 1074, n. 8.

Criminal Law, 16 C. J., sec. 2360, p. 966, n. 78; sec. 2507, p. 1066, n. 89; 17 C. J., sec. 3560, p. 215, n. 33, 34; sec. 3706, p. 349, n. 93, 94, p. 350, n. 1; sec. 3707, p. 350, n. 20.

Outhouse, 29 Cyc., p. 1541, n. 95, 97, 4, 8, 9.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Judgment of conviction of burglary. *Affirmed.*

McNamee & McCarty, for Appellant.

The court should have sustained the defendant's motion and advised the jury to return a verdict of acquittal, as there is a fatal variance between the allegations of the information and the proof submitted in support thereof. (C. S., sec. 8963; 9 C. J., p. 1059; Webster's New International Dictionary; 3 Bouvier's Law Dictionary, p. 2433; 3 Words and Phrases, 2d series, p. 888.)

It was the duty of the court to define the legal meaning of the words "house" and "outhouse" when requested so to do by both the state and the defendant. (C. S., secs. 8400, 8969, 8972; 20 A. L. R. 235; *State v. Choate,* 41 Ida. 251, 238 Pac. 538; *State v. Petit,* 32 Wash. 129, 72 Pac. 1021; *People v. Webber,* 138 Cal. 145, 70 Pac. 1089; *Peirce v. Beyer,* 66 Colo. 554, 185 Pac. 348; *Firth v. Marcovich,* 160 Cal. 257, Ann. Cas. 1912D, 1190, 116 Pac. 729; 3 Words & Phrases, 2d series, p. 888.)

The court should have sustained the defendant's motion in arrest of the judgment, as the defendant was charged with breaking and entering an "outhouse," while the evidence shows the place alleged to have been entered to be a "wooden box" or "housing" covering a gas pump. (C. S., sec. 8400; 9 C. J., p. 1059; Webster's New International Dictionary; 3 Words & Phrases, 2d series, p. 888; 3 Bouvier's Law Dictionary, p. 2433; *State v. Choate,* 41 Ida. 251, 238 Pac. 538; *Firth v. Marovich,* 160 Cal. 257, 116 Pac. 729; *State v. Rowland Lumber Co.,* 153 N. C. 610, 69 S. E. 58; *State v. Brooks,* 4 Conn. 446, 20 A. L. R. 235.)

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

There was no material variance between the allegations of the information and the proof introduced at the trial, and an immaterial variance is not fatal. (C. S., secs. 6722, 9191; *People v. Jennings,* 298 Ill. 286, 131 N. E. 619; *State v. Turnbaugh,* 79 Ohio, 63, 85 N. E. 1060; *Ostendorf v. State,* 8 Okl. Cr. 360, 128 Pac. 143.)

Appellant must affirmatively show that error was prejudicial. (*Territory v. Evans,* 2 Ida. (634), 658, 23 Pac. 115; *State v. Abbott,* 38 Ida. 61, 213 Pac. 1024, 224 Pac. 791.)

The offense of burglary under our statute is not confined to the limitations of the common-law crime of burglary. (C. S., sec. 8400; *Tollifson v. People,* 49 Colo. 219, 112 Pac. 794.)

The information sufficiently describes the character of the structure entered, and the proof introduced as to said structure sustains the allegations in the information. (*People v. Stickman,* 34 Cal. 242; *Grimes v. State,* 77 Ga. 762, 4 Am. St. 112; *Ford v. State,* 80 Fla. 781, 86 So. 715; *Orrell v. People,* 94 Ill. 456, 34 Am. Rep. 241; *Roberts v. State,* 55 Miss. 421; 9 C. J. 1034.)

Structures of the type herein entered are subject to statutory burglary. (*James v. State,* 63 Tex. Cr. 559, 140 S. W. 1086; *Crow v. State,* 48 Tex. Cr. 25, 85 S. W. 1057; *People v. Coffee,* 52 Cal. App. 118, 198 Pac. 213; *State v. Terrell,* 55 Utah, 314, 25 A. L. R. 497, 186 Pac. 108; *State v. Garrison,* 52 Kan. 180, 34 Pac. 751.)

Defendant's third instruction was properly refused. (*State v. Williamson,* 42 Conn. 261; *People v. Stickman, supra; State v. Dan,* 18 Nev. 345, 4 Pac. 336.)

The term "outhouse" under the statute has no such technical meaning as imputed to it by instructions one and two, and these instructions were properly refused. (Webster's New International Dictionary, p. 1530; C. S., secs. 8400, 8832, 8834.)

WM. E. LEE, C. J.—Appellant was convicted of the crime of burglary in the first degree. The information charged that he wilfully, and, etc., entered in the night-time, an outhouse located at No. 3 Main Street, in the city of Lewiston, used by the Getty Fuel & Feed Company as a gas and oil station, with intent to commit larceny.

The "outhouse" appellant was charged with having entered is a small structure built against a larger building, the latter being the place of business of the Getty Fuel & Feed Company. It houses a pump and gasoline for the Getty Fuel & Feed Company. It has three sides constructed of shiplap, with a sloping roof, and the main building forms the fourth side. It extends out from the main building about three feet, is four feet long, about four feet high in front and about five feet high at the back. The lower one-third of the roof is fastened to the remainder with hinges, and can be raised, being fastened with hooks on the inside. The front of the structure opens as a door and is secured by a padlock. The floor is of earth. There is no opening from the main building into the structure. The evidence shows that the defendant, with a companion, opened the door of this structure with a pass-key and took gasoline therefrom.

It is first contended that the structure was a mere "wooden box" and not such a building as to be the subject of burglary. C. S., sec. 8400, provides that:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."

In determining what constitutes a building, within the contemplation of an analogous statute, it is stated in *People v. Stickman*, 34 Cal. 242, that " . . . . the absence of more particular terms of description indicates an intention on the part of the legislature to include every kind of buildings or structures 'housed in' or roofed. . . . . A house, in the

sense of the statute, is any structure which has walls on all sides and is covered by a roof."

[1]  The structure was walled in and had a roof and a door; it was erected and used for the purpose of protecting property placed therein. While small, it was more than a wooden box; it was a building, used in connection with a larger building, and subject to burglary. (*People v. Coffee,* 52 Cal. App. 118, 198 Pac. 213; *Williams v. State,* 105 Ga. 814, 70 Am. St. 82, 32 S. E. 29; *Favro v. State,* 39 Tex. Cr. 452, 73 Am. St. 950, 46 S. W. 932; *State v. Terrell,* 55 Utah, 314, 25 A. L. R. 497, 186 Pac. 108; *James v. State,* 63 Tex. Cr. 559, 140 S. W. 1086; *Willis v. State,* 33 Tex. Cr. 168, 25 S. W. 1119; *People v. Franco,* 79 Cal. App. 682, 250 Pac. 698.)

[2]  Appellant insists that there is a material variance between the allegations of the information and the proof. The information charged the breaking and entering of an outhouse, located at No. 3 Main Street, in the city of Lewiston, used by the Getty Fuel & Feed Company as a gas and oil station. The proof showed, without conflict, that the defendant and a companion unlocked the door and took a quantity of gasoline from a structure at No. 3 Main Street, in Lewiston, used by the Getty Fuel & Feed Company as a place in which it kept gasoline; that appellant did the exact thing he was accused by the information of having done. He insists, however, that there is a fatal variance because an outhouse, within the burglary statute, must be subservient to a dwelling-house. The words "outhouse" and "outbuilding" are defined as follows:

Bouvier: "Buildings adjoining or belonging to dwelling-houses; buildings subservient to yet distinct from the principal mansion house, located either within or without the curtilage."

The Standard Dictionary: "A smaller building standing apart from but appertaining to a main or larger building or dwelling."

Webster's New International Dictionary: "Outhouse: A small house or building at a little distance from the main house; an outbuilding.

"Outbuilding: A building separate from and subordinate to the main building; an outhouse."

The Century Dictionary: "A small house or building separate from the main building. . . . . '"

While it might be said that the foregoing definitions are susceptible of the construction that an outhouse must be separate and apart from the main building, the supreme court of Illinois, in *Hultin v. Klein,* 301 Ill. 94, 20 A. L. R. 230, 133 N. E. 660, in passing on this question, held that:

"From the definitions which have been given, it will be seen that an outbuilding is usually separate from the main building, but this does not necessarily imply removal to such a distance as to not be adjacent or abutting and in tangible connection. An outbuilding may be built a few feet or a few inches, only, from the main house. It may be connected with the house by a covered passage. If for convenience the covered passage is eliminated, and the outbuilding moved or originally constructed immediately against the main building it would not therefore cease to be an outbuilding. If the outbuilding is separated from the main house only by the space of a common wall, this does not necessarily change its character as an outbuilding. It is the character of the building and the use which is made of it which determine whether or not it is an outbuilding."

At common law burglary could only be committed by entering a dwelling-house or buildings within the curtilage, and, under an indictment charging the breaking and entering of an outhouse, the proof must necessarily have been confined to a building within the curtilage. However, there were outhouses, without the curtilage, the breaking and entering of which did not constitute burglary. After referring to and quoting from 1 Hale's P. C. 558, 9, Hawkins P. C., vol. 1, chap. 38, sec. 12, 2 East's P. C. 494, 3, 4 Bl. Comm. 221, 225, it was said in 4 Conn. 446, that " . . . . a barn is an outhouse, and not the less so, because it is so

45 Idaho—7

removed from the mansion-house, as not to be deemed parcel of it. Its contiguity or remoteness enters not into the idea whether it is an outhouse, but merely into the question whether it is parcel of the mansion.''

Burglary at common law has few elements in common with statutory burglary. Under our statute, any outhouse or building may be the subject of burglary, regardless of whether it is subservient to a dwelling. Giving the word ''outhouse'' its usual and ordinary meaning, we are forced to the conclusion that, while it is usually a smaller building subservient to and a little distance from a dwelling-house, an outhouse may be subservient to and adjoin a business building. As said in the foregoing quotation from the Illinois case, ''It is the character of the building and the use which is made of it which determine whether or not it is an outhouse.'' Tested by its character and use, there was evidence on which the jury could conclude that the structure, though small, was an outhouse, within the contemplation of the statute, and that entry therein constituted burglary.

The trial court did not instruct the jury as to the meaning of the word ''outhouse,'' although requests to do so were made by both sides. The record does not contain the proposed instruction submitted by the state, and the instruction, which appellant requested the court to give, restricted the definition to a building subservient to a dwelling-house. Since subserviency to a dwelling is not the exclusive test, the court did not err in refusing to give the requested instruction.

[3] The meaning of the words ''house'' and ''outhouse,'' as used in the statute, is generally understood, and, ''when ordinary words and terms are used in the sense in which they are generally understood, it is not necessary to define or explain them.'' (Branson's Instructions to Juries, 2d ed., sec. 49, p. 77.) Furthermore, the information designated the structure as an outhouse. There was no conflict in the evidence with respect to its description. The jury saw the structure and concluded that it was an outhouse. In view of these facts, we do not understand how the giving of an

instruction as to the meaning of the term could have resulted in a different conclusion by the jury. [4] The burden of showing error is on the appellant, and, granting that the trial court should have defined "outhouse," we are constrained to hold that appellant has not shown that substantial injury resulted from the court's failure to do so. The evidence plainly and without doubt shows that appellant committed the crime charged, and, since we are of the opinion that he had a fair trial, the judgment should be affirmed.

Givens and Taylor, JJ., concur.

BUDGE, J., Dissenting.—The structure was not an outhouse within the meaning of the statute. I am authorized to say that Mr. Justice T. Bailey Lee concurs in this view.