77 P.3d 984

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kenneth Dow SMITH aka Ronnie Riddle, Defendant–Appellant.**

No. 28135.

Court of Appeals of Idaho.

Sept. 19, 2003.

---

■■■■■■■■■■

■■■■■■

■■■■■■■■■■

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Kenneth Dow Smith appeals from his judgment of conviction for burglary, arguing that under I.C. § 18–1401, entry of an individual office within a hospital, with intent to steal, does not constitute burglary if the hospital building was entered without such intent. Furthermore, Smith argues the evidence is insufficient to show that he had the intent to commit any theft or felony when he entered the office. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Evidence presented at trial shows that Smith's wife sought treatment at the Kootenai County Medical Center. While Smith was looking for her, his search took him to the radiology department. Smith then entered an office with a sign that read, "Diagnostic Imaging Director." The door had been closed and no hospital personnel were in the office. On his way out of the office, Smith saw a tote bag and briefcase. Smith took the bags and left the office. Shortly thereafter, Smith was spotted in the parking lot trying to use a key to open the doors of several vehicles. The police were called and Smith was arrested.

The state's information charged that Smith "on or about the 16th day of March, 2001, in the County of Kootenai, State of Idaho, did enter into a *room*, to-wit: an office in the Radiology Department of Kootenai Medical Center ... with the intent to commit the crime of theft." (Emphasis added.) The state did not allege in the information nor attempt to prove at trial that Smith committed burglary by entering the *hospital* with the intent to commit a crime therein; rather, the state alleged that he entered the Diagnostic Imaging Director's *office* with that intent. After a bench trial, Smith was found guilty of committing burglary. Smith filed a motion for judgment of acquittal, claiming that the office was not a place that could be burglarized under the burglary statute. The district court denied the motion. Smith appeals.

## II.

### ANALYSIS

#### A. Definition of Burglary

Idaho Code § 18–1401 defines burglary as follows:

Every person who enters any house, *room*, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

(Emphasis added.)

■ Smith asserts that, under the plain language of I.C. § 18–1401, he cannot be convicted of burglary because a "room," within the context of the statute, means something akin to private residential quarters, as opposed to an office within a hospital facility. Smith contends he could be guilty of burglary only if the state had proven that he entered the hospital with intent to commit any theft or felony.

■ This Court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, the Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). Unless the result is palpably absurd, this Court assumes that the legislature meant what is

clearly stated in the statute. *Id.* This court must also give effect to all the words of a statute, to avoid redundancy and superfluity. *State v. Hart*, 135 Idaho 827, 831, 25 P.3d 850, 854 (2001).

The common definition of a "room" is a "portion of a space within a building or other structure, separated by walls or partitions from other parts." *See* WEBSTER'S ENCY-CLOPEDIC DICTIONARY OF THE ENGLISH LAN-GUAGE 1243 (1989). Smith acknowledges that the common definition of room includes an office as "a portion of a space within a build-ing or structure, separated by walls or parti-tions from other parts." Smith, however, argues for this Court to interpret the term "room" more narrowly. Smith stresses that a broader interpretation has the potential of rendering all of the other areas listed in the statute redundant or superfluous. He also asserts that having the term "room" embed-ded with the words "house, apartment, and tenement" implies the legislature intended for a "room" to be of a type found in a boarding house, inn or lodge. Finally, Smith argues that a broad construction of the term would lead to the potential for abuse, where-in a defendant could be charged with a sepa-rate burglary for each entry into a different room within a larger structure.

Prior Idaho case law does not support giving the term "room" the narrow interpre-tation argued by Smith. Specifically, two Idaho cases have rejected adopting interpre-tations of the burglary statute that would exclude structures from coverage.

In *State v. Marks*, 45 Idaho 92, 260 P. 697 (1927), the defendant was charged with bur-glary of an "outhouse." It was argued that the structure was a mere "wooden box" and not such a building as to be subject to bur-glary. The Idaho Supreme Court first indi-cated that the absence of more particular terms of description indicated an intention on the part of the legislature to include every kind of buildings or structures. *Id.* at 95, 260 P. at 698. The Court held that because the "outhouse" was for the purpose of pro-tecting property placed therein, it fell within the definition of "building" and was subject to being burglarized. *Id.* at 95, 260 P. at 698.

In *State v. Oldham*, 92 Idaho 124, 438 P.2d 275 (1968), the defendant was charged with burglary of the Seven Mile Inn, located in Ada county. The defendant argued that an "inn" was not within the ambit of Idaho's burglary statute. In rejecting this argu-ment, the Idaho Supreme Court cited *State v. Marks* and quoted the language concern-ing the protection of property. Further-more, in examining the legislative history of Idaho law, the Court looked to a Colorado Supreme Court case, *Sanchez v. People*, 142 Colo. 58, 349 P.2d 561 (1960), for guidance on legislative intent. In Sanchez, the Colorado Supreme Court held that the term "building" included a telephone booth, and indicated that the word should be read broadly:

> Rather than limiting the definition of a building to a structure with walls and a roof, which would include the telephone booth in question, we believe it was the legislative intent that a building is "a structure which has a capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property."

*Oldham*, 92 Idaho at 129, 438 P.2d at 280 (citations omitted). The Idaho Supreme Court then stated that this was the proper definition of legislative intent when I.C. § 18–1401 was adopted. *Id.* Thus, the case law denotes a legislative intent to interpret the burglary statute broadly rather than nar-rowly so as to protect structures that shelter people, animals and property.

We therefore construe "room" as having a nature similar to the other structures and objects capable of being burglarized. The protection against intrusion is the same for a room as for any of the other structures and objects listed in I.C. § 18–1401. However, our interpretation herein does not mean that a burglary occurs automatically when one, with the intent to commit any theft or felony, enters a room in a building from within another room in that building. There must be evident an expectation of protection from intrusion comparable to the expectation of protection from intrusion into the building from the outside. For example, occupants of separately leased offices within an office building expect protection from intrusion by occupants of the other offices; whereas mem-

bers of a family residing in a house are likely to expect common access to all rooms with no separate expectation against intrusion into individual rooms. This interpretation avoids the absurdity of a burglary of a building becoming multiple burglaries, but leaves open the possibility of multiple charges where a room within a structure has a nature which should provide it with its own protection against burglary. *See State v. Love*, 76 Idaho 378, 283 P.2d 925 (1955).

In the instant case, we have an office within a hospital building. Clearly, it falls within the common definition given to the term "room." The office also has attributes from which it can be inferred that the expectation of protection from intrusion is comparable to the expectation of protection from intrusion from outside the hospital building. The office was designated as the office of the "Diagnostic Imaging Director." It was fully enclosed and its door was closed. It did not have any of the attributes consistent with a room that would be open to the public such as rooms in the hospital where patients would be serviced, treated or housed. Additionally, the window into the office revealed small quarters for a personal workstation. Thus, we conclude that in this instance, the hospital office qualifies as a "room" subject to protection from burglary.

## B. Sufficiency of the Evidence as to Smith's Intent

Smith also contends that the evidence was insufficient to establish that he intended to commit any theft or felony when he entered the office. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the

reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. A finding of criminal intent may be based upon circumstantial evidence. *State v. Warden*, 100 Idaho 21, 24, 592 P.2d 836, 839 (1979); *Oldham*, 92 Idaho at 132, 438 P.2d at 283. A defendant's intent may be inferred from his acts and conduct, and that is a common method of proof. *Id.*

Smith testified that he was directed by hospital staff to the "fast track" area of the hospital. An employee of the hospital testified this would not have been the appropriate procedure because of all of the hallways between the emergency room and the fast track area. Smith testified that nobody was around the hallway near the office. There was testimony from hospital employees that, at the time of the event, the hallway would normally be busy and that there was a desk in the area, manned by hospital employees. An employee of the radiology department testified that she saw Smith in the hallway prior to his entrance into the office. This employee testified that she acknowledged Smith by smiling at him. This witness was certain of her identification of Smith. Smith testified that he never saw this employee. Smith testified that he thought the office was where the x-ray area would be. However, the evidence indicated that next to the door to the office is a sign that reads "Diagnostic Imaging Director." Smith also testified that he was looking for someone to give him directions. The door to the office has a window in it, and there was testimony that through this window you can see the whole office, because the office is small. Smith testified that he did not look through the window before entering the office.

While the evidence is in conflict, we conclude that substantial evidence existed to support the court's inference that Smith had the intent to commit a theft or felony prior to entering the office.

## III.

### CONCLUSION

Because Idaho's burglary statute proscribes the entry into this office within a hospital building with intent to commit a theft and because substantial evidence exists to support the finding that Smith had the requisite intent to commit a theft prior to entering the office, we conclude that the district court properly denied Smith's motion for judgment of acquittal. Accordingly, we affirm Smith's judgment of conviction.

Chief Judge LANSING and Judge PERRY, concur.