96 P.3d 657

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Samantha TARRANT–FOLSOM, Defendant–Appellant.**

No. 29414.

Court of Appeals of Idaho.

June 15, 2004.

Review Filed Aug. 18, 2004.

to introduce evidence at trial that one of the State's witnesses had acted as a confidential informant for the State in two unrelated cases. Tarrant–Folsom also contends that there was insufficient evidence presented at trial to support the conviction because the evidence did not show that a building was entered. We uphold the district court's rulings and affirm the judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2002, Bret Hays called 911 to report suspicious activity at Quick Cash Pawn in Twin Falls, Idaho. When the police arrived at the pawnshop, the individuals had left the area and the locks on several storage containers behind the pawnshop had been cut off. Hays informed the investigating officer that he had seen a man and woman taking items from these structures and placing them into a white four-door GM vehicle. Hays also gave the police officers a description of the two individuals. Approximately eleven days later, the investigating officer contacted Tarrant–Folsom at a mobile home where she was residing with her husband and obtained her consent to search both the residence and a white four-door vehicle. The officer found several stolen items from the pawnshop in the residence as well as in the trunk of the car.

Tarrant–Folsom was charged with aiding and abetting the commission of a burglary, Idaho Code §§ 18–204, –1401. She pleaded not guilty and the case proceeded to trial. At trial, Tarrant–Folsom sought to introduce evidence that Hays was working as a confidential informant for the State on two unrelated cases in exchange for the State's agreement not to prosecute him for drug offenses. The district court held that such evidence would not be permitted because Hays did not have an agreement with the State to testify in Tarrant–Folsom's case and therefore, there was no connection between the instant case and Hays's service as an informant. A jury found Tarrant–Folsom guilty and the trial court entered a judgment of conviction. Tarrant–Folsom appeals.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent. Melissa Nicole Moody argued.

WALTERS, Judge Pro Tem.

Samantha Tarrant–Folsom appeals from the judgment of conviction entered by the district court after a jury found her guilty of aiding and abetting in the commission of a burglary. Tarrant–Folsom contends that the district court erred in refusing to allow her

## II.

### ANALYSIS

#### A.  Impeachment Evidence

Tarrant–Folsom first contends that the district court erred in refusing to allow her to introduce evidence at trial that Hays was working as a confidential informant for the State.  She contends that Hays's agreement with the State to work as an informant was relevant and should have been permitted because it shows that Hays was motivated to testify in a manner pleasing to the State, and was therefore a biased, rather than disinterested, witness.  The State argues that the relationship between Hays and the State was not relevant to Tarrant–Folsom's case because Hays was receiving no consideration for testifying in Tarrant–Folsom's trial. Furthermore, the State contends that even if the evidence was relevant, it was inadmissible under Idaho Rule of Evidence 403 because its probative value was substantially outweighed by the likelihood of it confusing and misleading the jury.

■ Although questions of admissibility of evidence often involve the exercise of the trial court's discretion, the threshold determination of whether the evidence offered is relevant presents an issue of law over which we exercise free review.  *State v. Edmondson,* 125 Idaho 132, 134, 867 P.2d 1006, 1008 (Ct.App.1994); *State v. Atkinson,* 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App.1993).  If the evidence is deemed relevant, then the trial court's determination under Idaho Rule of Evidence 403 that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury is reviewed for an abuse of discretion.  *State v. Matthews,* 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App.1993).  We conclude that the exclusion in this case was appropriate.

■ Under I.R.E. 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Tarrant–Folsom argues that the fact that Hays was receiving a bene-

fit from the State in exchange for his testimony in two other trials was relevant to show bias, contending that this evidence made the existence of Hays's motive to lie more probable.  This argument is not persuasive given the order in which these circumstances occurred.  Hays was not acting as an informant for the State at the time he reported the suspicious activity at Quick Cash Pawn to the police.  Hays witnessed the burglary of the pawnshop in May 2002, but did not enter into an agreement, due to circumstances unassociated with the instant case, until July 2002.  Therefore, Hays's report of the burglary and description of the suspects could not have been motivated by an agreement with the State.

■ While it is true that Hays did not identify Tarrant–Folsom as the person he had seen at the pawnshop until after he had become an informant, that does not affect our conclusion that the evidence was excludable. Hays's description of the suspects was consistent with Tarrant–Folsom's appearance, and that description was given before Hays had entered into an agreement with the State.  Furthermore, the cases in which Hays was acting as an informant were wholly unrelated to Tarrant–Folsom's case.  In fact, Hays was receiving no consideration for his testimony and the State did not solicit the testimony from Hays. Finally, even if the evidence had been relevant, it would have been excludable under I.R.E. 403 because its probative value was outweighed by the possibility of confusing and misleading the jury. Accordingly, the district court did not err in concluding that evidence of Hays's status as an informant for the State was not admissible.

#### B.  Building Requirement

Tarrant–Folsom also contends that there was insufficient evidence to support her conviction, arguing that the State failed to prove one of the essential elements of burglary—that a building was entered.

Idaho Code § 18–1401 defines burglary as follows:

Every person who enters any house, room, apartment, tenement, shop, ware-

house, store, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

The question presented by this appeal is whether the containers at the pawnshop fall within the "other building" provision in I.C. §18-1401.

This Court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, the Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute. *Id.* This Court must also give effect to all the words of a statute, to avoid redundancy and superfluity. *State v. Hart*, 135 Idaho 827, 831, 25 P.3d 850, 854 (2001).

The Idaho Supreme Court has addressed the definition of a building in the burglary statute in two cases we find relevant here. In *State v. Marks*, 45 Idaho 92, 260 P. 697 (1927), the defendant was charged with burglary of an "outhouse." He argued that the structure was a mere "wooden box" and not such a building as to be subject to burglary. The Idaho Court first indicated that the absence of more particular terms of description indicated an intention on the part of the legislature to include every kind of building or structure. *Id.* at 95, 260 P. at 698. The Court then held that because the "outhouse" was for the purpose of protecting property placed therein, it fell within the definition of "building" and was subject to being burglarized. *Id.* at 95, 260 P. at 698.

In another case, *State v. Oldham*, 92 Idaho 124, 438 P.2d 275 (1968), the defendants were charged with burglary of the Seven Mile Inn, located in Ada County. The defendants argued that an "inn" was not within the ambit of Idaho's burglary statute. In rejecting this argument, the Idaho Supreme Court cited *Marks* and quoted the language concerning the "protection of property." Furthermore,

in examining the legislative history of Idaho law, the Court looked to a Colorado Supreme Court case, *Sanchez v. People*, 142 Colo. 58, 349 P.2d 561 (1960), for guidance on legislative intent. In *Sanchez*, the Colorado Supreme Court held that the term "building" included a telephone booth, and indicated that the word should be read broadly:

> Rather than limiting the definition of a building to a structure with walls and a roof, which would include the telephone booth in question, we believe it was the legislative intent that a building is "a structure which has a capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property."

*Oldham*, 92 Idaho at 129, 438 P.2d at 280 (citations omitted). The Idaho Court then stated that this was the proper definition of legislative intent when I.C. § 18-1401 was adopted. *Id.*

This Court followed the Supreme Court's lead in our recent decision in *State v. Smith*, 139 Idaho 295, 77 P.3d 984 (Ct.App.2003) in discussing the word "room" in the statute. Thus, the relevant case law denotes a legislative intent to interpret the burglary statute broadly rather than narrowly so as to protect structures that shelter people, animals and property.

With this background, we turn to the appellant's argument concerning the sufficiency of the evidence. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider

the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

■ At trial, the jury was presented with a physical description of the storage containers. According to testimony, they were 8 feet by 10 feet in size (with the exception of one which was 8 × 40), made of steel, and used to store large pawned items. Testimony also indicated that each unit had a separate door which was padlocked with a standard master lock. Furthermore, photographs of the sheds were admitted into evidence and presented to the jury. Although the containers lacked a usual component of buildings—windows—they were large enough to constitute buildings and performed functions of buildings, that is, sheltering and protecting property from the elements and from theft by non-owners. Whether these structures constituted "buildings" was a question for the jury. We conclude that the evidence presented by the State was clearly sufficient to allow a jury to find, beyond a reasonable doubt, that the State had proven all of the essential elements of burglary, including the entry of a building.

## III.

## CONCLUSION

The district court did not err in refusing to permit Tarrant Folsom to introduce evidence that one of the State's witnesses had worked as a confidential informant for the State on two cases unrelated to the instant case. Furthermore, the evidence presented by the State was sufficient to allow the jury to find all of the elements of burglary beyond a reasonable doubt. Accordingly, the judgment of conviction entered by the district court is affirmed.

Chief Judge LANSING and Judge PERRY concur.