**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39483**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2013 Opinion No. 11** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 19, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| RICHARD W. WRIGHT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge; Hon. Penny Friedlander, Magistrate.

Intermediate appellate decision of district court affirming magistrate court's judgment of conviction, <u>reversed</u>.

Richard K. Kuck, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Richard W. Wright appeals from the district court's appellate decision affirming Wright's misdemeanor conviction for leaving the scene of an accident. Wright asserts that the evidence was insufficient to prove the offense.

**I.**

**BACKGROUND**

On the morning of December 18, 2009, two witnesses observed Wright driving his vehicle on an icy road. When Wright attempted to turn onto another street, his vehicle slid off the road and hit a traffic sign, breaking the sign post and damaging his vehicle. He then reversed his vehicle back onto the road and drove away. The two witnesses, who were driving behind Wright when the accident occurred, followed him, obtained his license plate number, and reported the accident to the police. Later that morning, a law enforcement officer contacted

Wright by telephone, at which point Wright confirmed that he had been involved in an accident, that he was aware that he knocked over a sign, and that he was intending to report the accident to law enforcement. When the officer subsequently visited Wright at his workplace, however, Wright denied that he had been involved in the accident, stating that another individual had been driving his vehicle.

Wright was subsequently cited for "leaving the scene of a property damage crash" under Idaho Code section 49-1301 and, following a bench trial, was found guilty of a misdemeanor. In an appeal to the district court, Wright asserted that the trial evidence was insufficient to support the conviction and that I.C. § 49-1301 was inapplicable to his conduct. The district court affirmed. Wright now appeals from the decision of the district court.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). When a criminal action has been tried to a court sitting without a jury, appellate review of sufficiency of the evidence is limited to ascertaining whether there is substantial evidence upon which the court could have found that the prosecution met its burden of proving the essential elements of the crime beyond a reasonable doubt. *State v. Bettwieser*, 143 Idaho 582, 588, 149 P.3d 857, 863 (Ct. App. 2006); *State v. Smith*, 139 Idaho 295, 298, 77 P.3d 984, 987 (Ct. App. 2003).

Although Wright presents the issue on appeal as an ordinary sufficiency of the evidence question, the parties' divergent interpretations of the elements of the charged crime require that we first address that question.[1] *See State v. Billings*, 137 Idaho 827, 829, 54 P.3d 470, 472 (Ct. App. 2002).

---

[1]     The district court concluded that Wright was precluded from challenging the sufficiency of evidence on appeal because he did not expressly articulate the issue before the trial court. The district court was incorrect, because sufficiency of the evidence may be raised for the first time on appeal. *See State v. Faught*, 127 Idaho 873, 877, 908 P.2d 566, 570 (1995); *State v. Ashley*, 126 Idaho 694, 695, 889 P.2d 723, 724 (Ct. App. 1994).

2

Wright was charged with a violation of I.C. § 49-1301(1), which provides:

> The driver of any vehicle involved in an accident, either on public or private property open to the public, resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident, or as close as possible, and shall immediately return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of law.

The parties disagree on the type of accident that triggers the duty to stop under this statute. Wright asserts that section 49-1301(1) applies only to drivers involved in multi-vehicle accidents resulting in damage to a vehicle driven or attended by another person. The State asserts that the statute also encompasses single-vehicle accidents when the driver's own vehicle is damaged, reasoning that the driver's own vehicle is "driven or attended by any person." The Idaho Supreme Court has previously commented that it is unclear whether a driver whose car struck and killed a horse must remain at the scene of the accident, and that I.C. § 49-1301 contains an "inherent ambiguity" in such a circumstance. *Munns v. Swift Transp. Co., Inc.*, 138 Idaho 108, 111, 58 P.3d 92, 95 (2002).

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011); *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words within the statute and the statutory scheme, the public policy behind the statute, and its legislative history. *Id. See also State v. Jones*, 151 Idaho 943, 946, 265 P.3d 1155, 1158 (Ct. App. 2011). It is incumbent upon a court to give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 472, 283 P.3d 785, 789 (2012); *Beard*, 135 Idaho at 646, 22 P.3d at

121. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

We conclude that Wright is correct in his argument that section 49-1301(1) applies only to drivers who have been involved in an accident with another vehicle driven or attended by another person. First, the language in that subsection limiting its applicability to accidents resulting in damage to a vehicle "which is driven or attended by any person" would be rendered superfluous if the statute were interpreted as applying to single-vehicle accidents causing damage to the driver's own vehicle because the driver's own vehicle will always be "driven or attended." As stated above, statutory interpretations that render some provisions of a statute void, superfluous, or redundant are disfavored.

Second, section 49-1301(1) requires a person to stop and remain at the scene "until he has fulfilled the requirements of law." Such "requirements of law" are imposed by section 49-1302, which requires a driver to provide his or her name, address, and other pertinent information to the driver or person attending any other involved vehicle.[2] So far as indicated in the statute, the sole legislative purpose underlying the requirement to stop and remain at the scene of an accident not resulting in personal injury is to facilitate the exchange of information between those involved in the accident. *Accord Munns*, 138 Idaho at 111, 58 P.3d at 95; Idaho S. Judiciary Comm. Minutes (Feb. 10, 1999, Feb. 22, 1999) (S.B. 1040). In the case of a single-car accident, without injuries to a third party, there is no other person to whom the driver could provide information at the scene. A requirement that a driver stop and remain at the scene absent any person with whom to exchange information would be absurd, and section 49-1301 does not require this--it imposes a duty to stop and remain at the scene only if there are some "requirements of law" to fulfill there.

---

[2] Idaho Code section 49-1302 alternatively requires the driver to provide his information to "the person struck." However, that language became superfluous when the statute governing accidents involving personal injury or death was removed from Title 49 of the Idaho Code and placed in Title 18, section 8007. *See* 1988 Idaho Sess. Laws, ch. 265 at 549.

Hence, I.C. § 49-1301(1) can apply only when the accident involves a second attended vehicle.[3] It follows that the State's trial evidence here did not prove that Wright violated section 49-1301 because it did not show that he was in an accident involving another attended vehicle.[4] Accordingly, the district court's decision on intermediate appeal is reversed.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[3] This interpretation is encompassed in Idaho Criminal Jury Instruction 1036, which states that to prove a violation of I.C. § 49-1301, "the state must prove . . . [the accident] resulted in damage to *another* vehicle which was driven or attended by a person" (emphasis added).

[4] Another statute, I.C. § 49-1304, does impose duties upon a driver who is in an accident resulting in damage to fixtures or other property upon or adjacent to a highway. It requires that the driver "take reasonable steps to locate and notify the owner or person in charge of the property" and provide that person information, similar to the information exchange required by I.C. § 49-1302. Wright was not charged under this statute.